EN EL TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
DEL DISTRITO DE COLORADO

Nro. de causa penal: 22-cr-00189-RMR

LA FISCALÍA FEDERALDE EEUU

    Parte acusadora,

contra

ROBERTO CASTILLO-KANO,

Alias Roberto Castillo-Kano

Alias Jose Barola Alvarez,

Alias Jose Hugo Alvarez-Varela,

Alias Hugo Armando Hinojoza,

Alias Enaro Altaro,

    El imputado.

## CONVENIO RESOLUTORIO

Por medio de la presente, la Fiscalía Federal, por medio del Subfiscal Federal Albert Buchman y el imputado Roberto Kano-Castillo, personalmente y por medio de su abogada, Kilie Latendresse, presentamos el siguiente Convenio Resolutorio conforme a lo dispuesto en el Código de Reglamentos Penales del Distrito de Colorado en la Norma 11.1. Este convenio es vinculante únicamente para la División de lo Penal de la Fiscalía Federal del Distrito de Colorado y para el imputado.

### I. CONVENIO

**A.** *Declaración de Culpable del Imputado:*

El imputado acepta:

COURT EXHIBIT 1(A)

1

1. declararse culpable al único punto acusatorio del Escrito de Acusación que le imputa de quebrantar el artículo § 1326(a) del Capítulo 8 del Código Federal, reingreso ilícito al país de un extranjero previamente deportado, acordando que aplica un aumento de la pena según el art. 1326(b)(2) y

2. renunciar a ciertos derechos de apelación y la impugnación indirecta como se establecen a continuación.

### B.   *Obligaciones de la Fiscalía Federal:*

Este convenio se lleva a cabo conforme a la Norma 11(c)(1)(B) del Código Federal de Procedimientos Penales. La Fiscalía Federal acepta:

1. recomendar una pena que caiga en el punto mínimo de la escala penal que resulte de la resolución por la "vía rápida",

2. que la Juez le otorgue una reducción de dos niveles por aceptar la responsabilidad penal conforme al art. § 3E1.1(a), con tal que el imputado merezca un aumento de la pena por no mostrar una conducta que pueda calificarse como obstrucción a la justicia según las Pautas Federales de Sentencias en los artículos §§ 3C1.1 y 3E1.1, comentario (nota 4) en el periodo comprendido entre la declaración de culpable y la imposición de la pena y acuerda radicar un pedimento interesando que el imputado reciba una reducción de un nivel por aceptar la responsabilidad penal según el art. 3E1.1(b).

Las partes comprenden que este convenio no es vinculante para la Juez.

### C.   *Convenio de Resolución Anticipada ("Vía Rápida" o "Fast Track"):*

Este convenio se lleva a cabo conforme al programa de resolución anticipada del Distrito de Colorado ("Vía Rápida") basado en las Pautas Federales de Sentencias en el artículo 5K3.1 ("programas de resolución anticipada"). La Fiscalía Federal acepta radicar un pedimento solicitando una reducción de 1 nivel conforme al artículo 5K3.1 de las Pautas Federales de Sentencias ("programas de resolución anticipada"). Aunque el imputado no reúne los requisitos para una reducción de 3 niveles, a cambio del pedimento de reducción de 1 nivel, el imputado acepta renunciar a ciertos derechos de apelación como se detallan a continuación. Las partes comprended que las Pautas son una recomendación solamente. El imputado y la Fiscalía estipulan y acuerdan que esta resolución por la vía rápida es adecuada y resulta en una pena que fomenta los objetivos de sentencias establecidos en el art. 3553(a) del Cap. 18 del C.F.

2

**D.   *Renuncia del Imputado a la Apelación:***

El imputado está consciente que el artículo 3742 del Título 18 del Código Federal, le otorga el derecho de apelar la condena, incluido el modo en el cual ésta se determinó. Habiendo entendido esto y a cambio de las concesiones de la Fiscalía Federal en este convenio, el imputado a sabiendas y voluntariamente renuncia al derecho de apelar cualquier tema con relación a este proceso judicial, condena o pena (incluido toda orden de reparación del daño) a menos que se cumpla alguno de los siguientes requisitos:

1. La pena excede de la máxima dispuesta en la ley de condenas, 18 U.S.C. (Código Penal Fed.) § 1326(a), (b)(2)
2. la pena excede el punto máximo de la escala penal recomendada de las Pautas de Sentencias que le aplica al imputado por su categoría de antecedentes penales (como la determine la Jueza) con un nivel de delito total 15, ó
3. la Fiscalía Federal apela la pena impuesta.

   Si aplicara el primer requisito, el imputado únicamente podrá apelar sobre la cuestión de cómo la condena excede de la máxima permitida por ley. Pero si aplicaran alguno de los dos últimos requisitos, el imputado podrá apelar por cualquier justificante que tenga disponible adecuadamente en un proceso de apelación que procede después de declararse culpable.

El acusado a sabiendas y voluntariamente renuncia además al derecho de impugnar indirectamente el procesamiento judicial, la condena o la pena (incluido toda orden de reparación del daño) (incluido, pero no limitado a todo pedimento presentado según el artículo 2255 del Título 28 del Código Federal). Este precepto de renuncia no le impide al imputado solicitar algún recurso que de lo contrario pueda tener disponible en una impugnación indirecta por alguno de los siguientes justificantes:

1. El imputado debería recibir el beneficio de un cambio explícitamente retroactivo de las escalas penales o de las pautas de sentencias,

3

2. al acusado se le privó de asistencia letrada eficaz o
3. el imputado resultó perjudicado debido a una conducta indebida por parte de la Fiscalía Federal.

El imputado renuncia además al derecho de apelar toda condena impuesta por debajo o dentro de la escala penal una vez se le revoque la libertad vigilada en esta causa, excepto donde el imputado objete sin éxito al grado de violación aplicado por la Jueza durante las audiencias de revocatoria a nivel de primera instancia. En ese caso, esta renuncia no aplicaría y el imputado podrá apelar la pena impuesta una vez se le revoque la libertad vigilada, aun y cuando dicha condena caiga por debajo o dentro de la escala penal como la haya calculado la Jueza.

El imputado renuncia además al derecho de apelar con respecto a la negación de todo pedimento radicado según el art. § 3582(c)(1)(A) donde dicha negación sea en parte por la determinación de la Jueza de que no se justifica una reducción en la condena según los factores del art. 3552(a) del Cap. 18 del C.F. Esta renuncia no aplica en una apelación de un pedimento negado según el art. 3582(c)(1)(A)(i) donde la Jueza de Primera Instancia, al negar el pedimento por los factores del art. 3553(a) no haya considerado hechos que presuntamente demuestran que existen circunstancias extraordinarias y contundentes al momento de analizar el art. 3553(a).

## II.   ELEMENTOS DEL ILÍCITO

Las partes acuerdan que los elementos por quebrantar el art. 1326(a) del Cap. 8 del C.F. son los siguientes:

*Primero*: El imputado era extranjero (no era ciudadano ni natural de los EEUU) al presunto momento de la acusación formal,

*Segundo*: Al imputado lo habían deportado y expulsado previamente de los EEUU,

*Tercero*: El imputado entró a sabiendas y lo encontraron las autoridades en los EEUU,

*Cuarto*: El imputado no había recibido el consentimiento de las autoridades legales competentes para solicitar la readmisión a los EEUU.

Nota: Las partes acuerdan que aplica la disposición de condena según el art. 1326(b)(2) del Cap. 8 del C.F. Esto no constituye un elemento esencial del delito, por el contrario, es un factor que la Jueza podrá tener en cuenta al momento de la imposición de la pena. *Véase Almendarez-Torres contra la Fiscalía Federal*, 523 U.S. 224, 235 (1998).

### III.   SANCIONES MÁXIMAS LEGALES

La pena máxima que se permite por ley por un quebrantamiento a los artículos 1326(a) y (b)(2) del Cap. 8 del Código Federal es una que no exceda 20 años de privación de libertad, una multa que no exceda $250,000, o ambas, un periodo de libertad vigilada que no exceda 3 años y un recargo especial que no exceda $100. Si se impusiera un periodo de régimen probatorio o libertad vigilada, todo incumplimiento a los términos y/o a las medidas cautelares de la libertad vigilada podrán dar como resultado la imposición de una pena de prisión adicional.

### IV.   REPERCUSIONES ADICIONALES

Esta condena por delito podrá tener como resultado la pérdida de garantías constitucionales, incluido, pero no limitado al derecho de poseer armas de fuego, de ejercer sufragio, de ser funcionario público o de formar parte de un jurado. Si el imputado fuera extranjero, la condena podrá resultar en la deportación y expulsión de los EEUU, la reclusión indefinida si no existe un país al cual se pueda deportar al imputado, que se le niegue la admisión a los EEUU en el futuro y/o la obtención de la ciudadanía estadounidense.

## V. ESTIPULACIÓN EN CUANTO A LOS HECHOS

El fundamento se establece a continuación. Se podrán incluir más abajo hechos adicionales porque la Jueza deberá, como parte de su metodología de imposición de pena, computar la escala penal recomendada por el delito de condena, tener en cuenta la conducta pertinente y tomar en consideración otros factores establecidos en el artículo 3553 del Título 18 del Código Federal pertinentes a estos cómputos y consideraciones. Si hubiere algún desacuerdo en cuanto a los hechos al momento de la firma del Convenio Resolutorio, estos constarán en el mismo y quedarán debidamente identificados.

Esta estipulación en cuanto a los hechos no impide que las partes de aquí en lo adelante le presenten a la Jueza hechos adicionales que no contradigan hechos a los cuales las partes hayan acordado y que sean pertinentes a la hora de realizar el cómputo de la escala penal por parte de la Jueza, a otros factores del artículo 3553 del Cap. 18 del Código Federal o a la decisión general de la Jueza al momento de emitir el fallo condenatorio.

Las partes estipulan y acuerdan que los siguientes hechos son correctos y verídicos: El imputado, Roberto Kano-Castillo, es hombre de 45 años de edad y ciudadano de México por haber nacido en Durango, México, el 15 de septiembre de 1976. El imputado entró en Estados Unidos por última vez, ilegalmente, pasando por un lugar desconocido, el 14 de febrero de 2017. Determinaron que la última vez que lo deportaron al imputado de Estados Unidos a México fue el 14 de febrero de 2017 por Del Rio, Texas, después de que le condenaran de un delito clasificado de agravado. El imputado no solicitó autorización de la Procuraduría General de EEUU para retornar legalmente a Estados Unidos después de su última deportación.

Los funcionarios de Inmigración encontraron al imputado el 21 de diciembre de 2021.

6

El 1º de marzo de 2016 el imputado fue condenado en el Tribunal de Primera Instancia del Distrito de Colorado por el delito de reentrada ilegal, quebrantando al Cap. 8 del Código Fed. USC 1326(a) y (b)(2), un delito mayor, por el cual le sentenciaron a una pena de 18 meses en el Departamento Federal de Penitenciarias, en el caso no. 15-cr-0408.

El 20 de mayo de 2011, al imputado lo condenaron en el Tribunal de Distrito del Condado Arapahoe por el delito de Amenazar por uso de Arma Verdadera o Simulacro de Arma, quebrantando al C.R.S. (Código penal de Colorado) 18-3-206(1)(a)(b), delito de clase 5, por el cual lo sentenciaron a un periodo de 2 anos en el Departamento de Correcciones de Colorado, acreditándole los 112 días de prisión preventiva cumplidos en el Caso No. 2011CR195.

El 10 de mayo de 2010, el imputado fue condenado en el Tribunal de Arapahoe/Tribunal de Ciudad de Aurora, Colorado, por Manejar en estado de Embriaguez, violando el C.R.S. 42-4-1301(1)(a), un delito menor no clasificado, por el cual recibió sentencia de 45 días de 45 días, acreditándole 5 días con tiempo servido.  No de Caso 2007T203220.

El imputado, el 9 de julio de 2001, fue condenado en el Tribunal del Condado de Gilpin, Colorado, por la infracción de Posesión de Instrumento Falsificado, violando al C.R.S. 18-5-107, delito menor de clase 2, por el cual recibió pena de 10 días de cárcel (tiempo suspendido) con 24 horas de servicio para la comunidad. Pero el Sr. Kano no completó el servicio para la comunidad y se le emitió orden de arresto el 18 de diciembre de 2001. El 16 de junio de 2010, al reconocer que nunca completo las condiciones de servicio que le había ordenado la Juez, le sentenciaron nuevamente a un periodo de 10 dias de cárcel, contándole el tiempo ya cumplido ('tiempo servido') en el caso no. 2001M409.

## VI.    CÓMPUTO DE LAS ESCALAS PENALES RECOMENDADAS

Las partes entienden que las Pautas de las Penas de EEUU son recomendaciones solamente pero que representan el punto de comienzo y de referencia para la imposición de la pena. Las partes entienden que la imposición de pena en el caso la rige el artículo 3553 del Título 18 del Código Federal. Al momento de determinar la pena específica a imponer, la Jueza deberá tomar en consideración siete factores. Uno de ellos es la escala penal calculada por la Jueza según las Pautas Federales de Penas emitidas por el Comité Federal de Sentencias. En asistencia a la Jueza con relación a esto, las partes establecen a continuación su estimado de la escala penal recomendada que indican las Pautas Federales de Penas (U.S.S.G., por sus siglas en inglés). Hasta el punto en el que las partes no concuerden en cuanto al cómputo de la escala penal, lo que se informa a continuación identifica los temas en desacuerdo.

El cálculo de la escala penal a continuación es un estimado de buena fe de las partes, pero es sólo eso, un estimado. Las partes entienden que la Fiscalía tiene además la obligación independiente de ayudar a la Jueza al momento de determinar con precisión la escala penal correcta. Hasta ese punto, la Fiscalía podrá argüir que los hechos identificados en el informe precondenatorio o de lo contrario identificados durante el proceso de imposición de pena puedan afectar el estimado a continuación.

A.    El nivel inicial de delito es **8**. USSG §2L1.2(a).

B.    Características específicas del delito: Se añade un aumento de **4 niveles** porque el imputado cometió el delito en cuestión después de recibir una condena por el delito de reingreso ilícito al país. U.S.S.G. §2L1.2(b)(1)(A).

Se añade un aumento de **6 niveles** porque después de que al imputado le ordenaran la deportación o expulsión de Estados Unidos por primera vez, se dedicó a cometer ilegalidades que resultaron en una condena por un delito por el cual la pena impuesta fue mayor de un año y un mes. U.S.S.G. §2L1.2(b)(3)(C).

8

C. No aplican ajustes por la existencia de víctimas, el papel jugado en el delito, obstrucción a la justicia y/o por acusaciones múltiples.

D. Por lo tanto, el nivel de delito ajustado sería **18**.

E. El imputado debería recibir una reducción de 3 niveles por aceptar la responsabilidad penal según el §3E1.1. Por lo tanto, el nivel de delito total resultante sería **15**.

F. Las partes entienden que el cómputo de la categoría de antecedentes del imputado es provisional y la determina la Juez en base a las condenas anteriores del imputado. Las partes son del criterio por la información que tienen actualmente, que la categoría estimada de antecedentes penales del imputado es III.

G. Al suponer que los hechos respecto a su historia criminal son correctos, entonces no aplican ajustes por ser delincuente habitual, por llevar un estilo de vida de criminal o por ser delincuente habitual armado.

H. <u>Reclusión</u>: La escala penal recomendada de reclusión que resulta del nivel delictivo de **15** y la categoría de antecedentes penales es **24 a 30 meses.** Sin embargo, con el fin de ser lo más precisos posible, como la categoría final de antecedentes penales todavía está por determinarse, el nivel de delito estimado arriba podría posiblemente resultar en una escala de 18 meses (punto mínimo con categoría I) a 51 meses (punto máximo con categoría VI).

<u>Nota</u>: Como se mencionó con anterioridad, la Fiscalía Federal acepta solicitar una reducción de 1 nivel a la luz de la aplicación de la resolución por la "vía rápida". La escala penal que resulta de un nivel de delito **14** y una categoría de antecedentes penales III sería de **21 a 27** meses.

I. <u>Multa</u>: Conforme al §5E1.2, suponiendo que sea un nivel de delito **14**, el rango de multas por este ilícito sería de $7,500 a $75,000, más intereses y sanciones aplicables.

9

J.   <u>Libertad Vigilada</u>: El periodo de libertad vigilada según el §5D1.2(a)(1) comprende un mínimo de 1 año y un máximo de 3 años.

Las partes entienden que aunque la Juez considerará el estimado de las partes respecto a la Tabla de las Pautas, la Juez debe de tomar su propia determinación de lo que sería la escala aplicable de la tabla. Al hacerlo, la Juez no está obligado a seguir la opinión o criterio de cualquiera de las partes y mismas entienden que dicho Juez tiene la potestad al considerar debidamente y aplicar todos los factores del 18 U.S.C. 3553, de imponer una pena razonable, que considere adecuada, en el ejercicio de su autoridad y que dicha pena podrá ser más corta que la que recomiendan las escalas penales (en duración o forma), una que caiga dentro de la escala penal recomendada o por encima de la misma, que llegue o exceda el periodo de reclusión máximo que permita la ley, independientemente de algún cómputo o postura de alguna de las partes en cuanto a algún factor del artículo 3553 del Título 18 del Código Federal.

## VII.   CONVENIO COMPLETO

Este documento contiene el acuerdo completo entre las partes. No existen otras promesas, (o "acuerdos paralelos"), términos, medidas, entendimientos, o garantías expresas o supuestas. Al firmar este convenio, ni la Fiscalía Federal ni la Defensa se han basado ni se basan en algún término, promesa, medida o garantía que no esté expresamente incluida en este convenio.

Date: 06-08-22

Roberto Kano-Castillo
Imputado

Date: 8/8/22

Kilie Latendresse
Defensora Pública Federal

10

Date: 8/8/22

Albert Buchman
Subfiscal Federal

Translated by Patrick O'Connor, Federally Certified Court Interpreter, staff Interpreter for the Federal Public Defender of Colorado and Wyoming on August 1, 2022.