**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-00189-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERTO KANO-CASTILLO,

        Defendant.

---

**RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT AND MOTION
FOR DOWNARD VARIANCE**

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this Response to the defendant Roberto Kano-Castillo's "Sentencing Statement and Motion for Downward Variance." ECF No. 21, filed on October 20, 2022. The Court should deny the defendant's request for a variant sentence of 12-months imprisonment. Rather, the 18 U.S.C. § 3553(a) factors demonstrate that a guideline sentence is appropriate, and the government requests that a bottom-the-guidelines sentence of 27-months imprisonment be imposed with three-years supervised release, with a fast-track departure applied.

### I.   A guidelines sentence is justified under § 3553(a).

The government largely joins in the United States Probation Office's reasoning for its recommendation but requests a lower prison sentence than their recommended 33-months (30 if fast-track departure is applied). *See* ECF No. 22, Exh. A.

The defendant has been previously removed from the United States two times, both times returning to the United States in defiance of immigration orders. ECF No. 22, ¶ 16. He has previously served an 18-month prison federal sentence on illegal reentry, which did not serve to deter him from reentering the county and further demonstrates that this offense—a second offense with enhanced guidelines from the first—is serious. *Id.* ¶ 16, 41. 18 U.S.C. § 3553(a)(2)(A), ECF No. 22, ¶ 22 (enhancement); *see also* ECF No. 21, p. 12 (the defendant's argument that the crime is relatively non-serious). Imposing the defendant's requested prison sentence of 12 months, would be a windfall to this defendant—he did not learn after his first conviction, and imposing a lesser sentence would only serve to embolden him to defy the law further. In contrast, a guideline sentence is justified to promote his compliance with civil immigration laws. *Id.* § 3553(a)(2)(A) and (B).

During his time in the United States, the defendant has also utilized aliases likely to avoid detection and provided false information to authorities, further demonstrating an inability to comply with the law, ECF No. 22, ¶¶ 33, 34, 36, 38, 39. This also shows a need here to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A).

The government is concerned with the defendant's serious criminal history while in the United States. During his time, he has incurred one violent felony menacing

conviction involving a deadly weapon, two DUI/DWAIs, several other misdemeanor and traffic convictions, all of which have surely impacted society negatively. ECF No. 22, ¶¶ 33-40. Moreover, the government is alarmed by the defendant's two pending DUI/DWAI cases, especially in context of two prior convictions. *Id*. ¶¶ 44-45. 34, 37. It is only a matter of time before his continued drinking and driving results in injury or death.[1] A guidelines sentencing serves to deter the defendant from his continuing criminal conduct and also protect the public per 18 U.S.C. § 3553(a)(2)(B) and (C).

The defendant cites a funeral, better economic opportunities, and a new romance[2] as mitigation under 18 U.S.C. § 3553(a)(1), and the government has little doubt those facts are true. ECF No. 21, pp. 1-2, 12; Exh. A. While certainly sympathetic to these life events in his or anyone's life, the government reasons that the majority of those who cross the borders illegally into the United States have similar and understandable motivations. In the same vein, undoubtedly an even greater number of people in other countries may have similar reasons but do not defy laws to illegally to cross borders. Sentencing should not be focused on who can provide the Court the best reasons for entering and remaining in the country. Any weight given to the defendant's mitigation provided in his motion or in the PSR is best accounted for by imposing a sentence at the bottom of the advisory guideline range, not higher.

---

1    National Highway Traffic Safety Administration, Drunk Driving Statistics, https://www.nhtsa.gov/risky-driving/drunk-driving (access October 25, 2022).
2    The Government notes that the author of ECF No. 21, Exh. A, appears to be the victim of a pending domestic violence incident in involving the defendant, ECF No. 22, ¶ 46.

The defendant also suggests that he will serve a harsher longer prison sentence due to his immigration sentence in which he will not have access to "education, addiction, and vocational programs." ECF No. 21, p. 11. First, the government believes the defendant has oversimplified the complex calculus the Bureau of Prisons uses in designating prisoners. *See id.* The Court should not speculate by attempting to assess the myriad of factors that may ultimately place this particular defendant or other comparable defendants, as the type of or security level of prison is not a factor articulated under § 3553(a) and could constitute an impermissible sentencing factor. Doing so without certainty may quickly run afoul of 18 U.S.C. § 3553(a)(6).

Second, contrary to the defendant's offer of prison programming (or lack of) as a consideration, the 10th Circuit has interpreted 18 U.S.C. § 3582(a) as barring "consideration of rehabilitation in setting a prison term 'absolutely.'" *United States v. Story*, 635 F.3d 1241, 1244-1248 (10th Cir. 2011).

## II.    Defendant requests the Court promote disrespect for the law.

The defendant argues that § 1326 has "racist origins" that are relevant to § 3553(a), stating in no uncertain terms that enforcing the law does not promote respect for the law or assure the public the law is just. ECF No. 21, pp. 3-8. Without addressing the merits of this assertion,[3] the government argues that the defendant's assertion requests that the Court to promote *disrespect* for the law in direct contradiction of the plain language of §

---

3      This Court has already ruled the statute constitutional in a similar claim that was properly litigated in *United States v. Oscar Duron-De Luna*, District of Colorado Case No. 22-cr-00018-RMR, ECF No. 39.

3553(a)(2)(A) (stating affirmatively a "need" to promote respect).[4] *See Gall v. U.S.*, 552 U.S. 38, 54 (2007) (characterizing the government's concern that a lenient sentence would promote disrespect as "legitimate").

Unsurprisingly, the government has been unable to find any cases where federal courts were permitted to decline enforcement of a substantive criminal law under § 3553(a), nor has the defendant cited to any authority for his bold request. Indeed, a congressional enactment will be invalidated only upon a showing that Congress has exceeded its constitutional bounds, *United States v. Morrison*, 529 U.S. 598, 607 (2000), a claim the defendant has not made here. Furthermore, much of the defendant's argument is based on national-origin and race, *see* ECF No. 21, pp. 3-8, which constitute impermissible sentencing factors. *I.e.*, *United States v. Osorio*, 995 F.3d 801, 822 (11th Cir. 2021) (national origin); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *see also United States v. Sayad*, 589 F.3d 1110, 1116-1117 (10th Cir. 2009) (discussing review of impermissible sentencing factor).

Rather, "sentencing involve[s] application of binding law … to give effect to congressional policies." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). At its core, § 1326 is a deterrence statute promulgated to enforce civil immigration regulation—not a mere "trespass offense" as the defendant suggests.[5] *See i.e.*, *United States v.*

---

4       Public perception is important under "general deterrence," which also focuses on promoting the law—or "the need to deter others." *United States v. Walker*, 844 F.3d 1253, 1257-1258 (10th Cir. 2017).

5       In making this "trespass" argument, the defendant fails to appreciate the complex framework and history of this nation's immigration laws. *See* footnote 1, *supra*.

*Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998); ECF No. 21, p. 10. Accordingly, the Court should decline to follow the defendant's request to nullify the illegal reentry statute clothed in § 3553(a).

### III.   Supervised release should be imposed.

The government agrees with both the defendant's and probation's request for a three-year supervised release term. Supervised release was not imposed in the defendant's prior illegal reentry conviction, District of Colorado 15-cr-00408, and the defendant returned after his sentence. *See* ECF No. 22, ¶¶ 16, 41. Thus, a term is justified to promote deterrence under 18 U.S.C. §§ 3583(c) and 3553(a)(2)(B). Further, the government joins probation's request that a special condition be imposed that the defendant remain outside of the United States. *Id.* § 3583(d), *see* ECF No. 22, Exh. A.

### IV.   Conclusion

The government respectfully requests that the Court deny the defendant's request for a variance.

\\

\\

\\

\\

The government requests the Court impose a sentence of 27-months imprisonment and three years of supervised release, a sentence sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Dated this 27th day of October, 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

*s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: al.buchman@usdoj.gov

Attorney for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.


_s/ Lauren Timm_
Lauren Timm
Legal Assistant
United States Attorney's Office

8